### FRANK BETZ & CO. *v.* HARRY A. ALTEMEYER.

[Abstract Kentucky Law Reporter, Vol. 1—281.]

**Ownership of Promissory Note.**
> Where the owner of a note discounts it at a bank, and renewals were executed to the bank, it sufficiently shows that the original owners have parted with their ownership, and that such note or its renewals belong to the bank, and the bank could not be divested of ownership until it was paid the amount of said note.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

September 7, 1880.

OPINION BY JUDGE COFER:

The petition and amendment fail to disclose a cause of action, without reference to the question whether the taking of a new note or notes operated to discharge the appellee from liability on the original note, and as the judgment must be affirmed on that ground it is not necessary to decide whether, as matter of law, the appellee is released.

The petition shows that the note was discounted at the bank of Taylor & Son, and that the renewals were executed to the firm. This is sufficient to show that appellants have parted with their title to the original note, and that it became the property of the bank; and there is nothing to show that they have paid the bank, or have in any way become reinvested with title to that note.

The mere renewal of the note by Andreas and the appellee did not have that effect. If the renewal is to be taken to be a satisfaction of the old note then it is extinguished. If the renewal was not a satisfaction then it continued to belong to the bank until the new note was paid, and it is not alleged that this has been done.

The facts stated show that the original note, if not satisfied, belongs to the bank and not to the appellants, and consequently in any aspect of the case the appellants manifested no cause of action.

Wherefore the judgment is *affirmed*.

*John S. Ducker, for appellants.  F. M. Webster, for appellee.*